**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

Josselyn Fernanda Manriquez Sanchez,

    Petitioner,

    v.                                  Case No. 2:26-cv-02597-BCL-cgc

Christopher Bullock,

    Respondent.

## ORDER GRANTING BOND HEARING

Petitioner is a noncitizen currently detained in Mason, Tennessee. Doc. 1. On May 27, 2026, she filed for a writ of habeas corpus under 28 U.S.C. § 2241 seeking release her immediate release. *Id.* at 7. The Court ordered Respondent to respond. Doc. 6. Respondent provided a response. Doc. 8. Petitioner filed a reply. Doc. 10.

In light of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026) and Respondent's agreement that it controls here, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten (10)** days of the date of this order or, in the alternative, release her from custody.

The Court grants this relief for two reasons. First, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 2026 WL 1283891, at *1; *see id.* at *13 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in

the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing her to obtain through the remedy of habeas something more than that to which she is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make her case for release at a bond hearing. And, *second*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 171 F.4th 798, 811 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

## CONCLUSION

The Petition (Doc. 1) is **GRANTED** to the extent that the Court **ORDERS** Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days** of the date of this order or, in the alternative, release from custody.

**IT IS SO ORDERED**, this 2nd day of June, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE
